# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DOUGLAS DAN MARTIN,<br><br>  Plaintiff,<br><br>  v.<br><br>Acting Commissioner of<br>Social Security Administration,<br><br>  Defendant. | Case No. 4:16-cv-77 JVB |

## OPINION AND ORDER

  Plaintiff Douglas Dan Martin seeks judicial review of the Social Security Commissioner's decision denying him disability benefits, and asks this Court to remand the case. For the reasons below, the Court affirms the Commissioner's decision.

  Plaintiff claims that he is disabled due to degenerative disc decease, which prevents him from sitting or standing for long periods of time, and due to recurring seizures and migraine headaches. He is homeless, living in a tent in friends' backyards, and sometimes, when it's cold, he spends the nights at his former wife's house. He spends his days in the library, four to five hours at a time where he charges his phone. He last worked in 2009 or 2010 when he was in prison, cleaning tables.

### A. Standard of Review

  This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court must ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). The Court must

uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

**B.     Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**C.     Analysis**

Plaintiff argues that the ALJ improperly discredited the opinion of Plaintiff's pain management doctor and inadequately assessed his residual functional capacity. The Court disagrees in both respects.

Plaintiff insists that the ALJ should have accorded controlling weight to the opinion of his pain doctor, Dr. Julian Ungar-Sargon, that Plaintiff is disabled. Dr. Ungar-Sargon opined that Plaintiff was severely limited in his ability to stand, walk, and sit for prolonged periods of time. In fact, according to Dr. Ungar-Sargon, Plaintiff can sit in a workday for an hour at a time but no longer than two hours total and he can stand or walk for thirty minutes at a time but no longer than two hours total. If that is true, according to the vocational expert, there would no jobs

available for Plaintiff.

The ALJ discredited Dr. Ungar-Sargon's opinion, giving it little weight. The ALJ construed Dr. Ungar-Sargon to be saying that Plaintiff needed to be lying down each day for at least four hours but such limitation was not supported either by the medical records or by Plaintiff's own testimony. Moreover, the ALJ found it suspect that, from the first time he saw Plaintiff, Dr. Ungar-Sargon found significant problems with his leg motion—the straight-leg raising for both legs was at sixty degrees—whereas a doctor who saw Plaintiff just a month earlier observed no leg problems. Moreover, at each subsequent visit, Dr. Ungar-Sargon noted exactly the same level of the leg motion issues, without the slightest variance. Other similar contradictions and curiosities abound in Dr. Ungar-Sargon's findings. (*See* ALJ's Op., R. at 25–26.)

Plaintiff's core objection to the ALJ's decision is that the ALJ read into Dr. Ungar-Sargon's opinion a limitation that Plaintiff needed to lie down for at least four hours during the day, even though Dr. Ungar-Sargon doesn't explicitly say so. Plaintiff submits that this case should be remanded on this ground alone. According to Plaintiff "Dr. Ungar-Sargon never once mentions the need to lie down and the ALJ is playing doctor by interpreting the opinion to mean that." (Pl.'s Br., DE 14 at 15.)

The ALJ correctly interpreted Dr. Ungar-Sargon's opinion to imply that Plaintiff had to be lying down for four hours in a workday. According to Dr. Ungar-Sargon, Plaintiff could stand or walk for two hours at most and sit for two hours at most in a workday. One can then sensibly assume that he must be lying down for the remainder of the time (what other posture could he reasonably take on?), which is inconsistent with the record. Hence, the ALJ committed no error in this assessment.

In his second objection to the ALJ's opinion, Plaintiff argues that the ALJ's RFC limitation that Plaintiff is unable to perform "simple work" does not correctly account for his limitation in concentration, persistence, or pace caused by his affective disorder and anxiety disorder. Plaintiff relies upon *Stewart v. Astrue*, 561 F.3d 679, 684–685 (7th Cir. 2009), which prohibits hypotheticals to vocational experts described in terms petitioner being able to perform "simple tasks" as opposed to stating specific limitations on "concentration, persistence, and pace." Yet *Stewart* is inapplicable here because the ALJ wasn't merely limiting the hypothetical to "simple work." Rather, the ALJ extracted this terminology from the opinions of Drs. Maura Clark and Joelle Larsen (both are state agency psychologists) who translated, and thus boiled down, Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace to his ability to perform unskilled, or simple, work. (R. at 61, 77.) That's allowed. *See Johansen v. Barnhart*, 314 F.3d 283, 285–86 (7th Cir. 2002) (concluding that the ALJ could reasonably rely upon the opinion of "the only medical expert who made an RFC determination" that translated "findings into a specific RFC assessment").

In summary, because Plaintiff has failed to show that the ALJ erred in his finding that Plaintiff was not disabled, the Court affirms the decision of the Commissioner.

SO ORDERED on September 29, 2017.

 S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE